**James RUSSELL, Plaintiff,**

v.

**Donald WYRICK, Defendant.**

**No. 82–1047C (4).**

United States District Court,
E.D. Missouri, E.D.

June 2, 1983.

James F. Sanders, St. Louis, Mo., for plaintiff.

Jay D. Haden, Asst. Atty. Gen., Jefferson City, Mo., for defendant.

MEMORANDUM

CAHILL, District Judge.

In February, 1978, a jury in Butler County, Missouri, convicted James Russell of rape and sodomy. Russell was sentenced to concurrent terms of 20 years for the rape charge and 15 years for the charge of sodomy. The Missouri Court of Appeals affirmed Russell's conviction on direct appeal and the Butler County Circuit Court refused to vacate Russell's conviction by denying his motion under Mo.S.Ct.R. 27.26. The Missouri Court of Appeals affirmed the denial of Russell's Rule 27.26 motion. Russell next filed a writ of habeas corpus in this Court asserting several grounds for relief. On December 13, 1982, this Court issued an order and memorandum that rejected all but one of Russell's arguments for habeas relief. The Court was unable to make an informed decision on Russell's contention

that the jury that convicted him had been improperly selected by the Butler County Sheriff, violating Russell's right to due process.

The Court scheduled a hearing on the jury issue alone and allowed Russell to present whatever evidence he had in support of his position. The Court also appointed an attorney to assist Russell in the presentation of his evidence. Basically, what the Court sought to determine by the evidentiary hearing was whether the jury selection involved in the instant case falls within the procedures proscribed by the court of appeals for this circuit in *Henson v. Wyrick*, 634 F.2d 1080 (8th Cir.1980), *cert. denied*, 450 U.S. 958, 101 S.Ct. 1417, 67 L.Ed.2d 383 (1981). Based on the following findings of fact and conclusions of law, the Court finds that the jury selection procedure used by the Butler County Sheriff's Office in the present case did not violate Russell's right to due process.

### Findings of Fact

Based on the evidentiary hearing held before this Court, Russell's state court trial transcript, and the posthearing legal memoranda filed by the parties in this action, the Court makes the following findings of fact.

1. At the relevant times in this case Junior Stout was the Sheriff in Butler County and Don Owens was the Deputy Sheriff of that county.

2. Russell was tried and convicted in the Butler County Circuit Court but the Butler County Sheriff's Office had no involvement in the investigation of the crimes charged against Russell. The criminal investigation was conducted by the Poplar Bluff City Police Department and only Poplar Bluff police officers testified against Russell at his trial.

3. For Russell's state court criminal trial special veniremen were called as prospective jurors. However, Sheriff Stout himself had nothing to do with the selection process. Sheriff Stout delegated the selection of special veniremen to Deputy Owens who was directed merely to find the number of prospective jurors needed. Deputy

Owens testified at the hearing that when he was told to find additional veniremen, he did not know whether he was calling veniremen for a civil or a criminal trial or the parties participating in the trial. As in the case of Sheriff Stout, Deputy Owens was not involved in the investigation or the prosecution of the criminal charges against Russell.

4. Deputy Owens usually obtained special veniremen from a list kept at the Sheriff's office that consisted of about 25 names of people known to the Sheriff's Department to be available on short notice to serve as jurors. Deputy Owens testified that he was familiar with the names of a few of the special veniremen but of the few that he knew only one was summoned for jury duty for Russell's criminal trial.

5. From the evidence adduced at the hearing and contained in the record, the Court is convinced that the method of jury selection used by the Butler County Sheriff's Office was consistently implemented in all criminal and civil cases without regard to the predispositions of the prospective jurors.

### Conclusions of Law

1. First, the Court recognizes the prehearing motion filed by Russell that requested the Court to relieve him of the burden of having to show cause for why he did not object to the jury selection process at trial and resulting actual prejudice from his failure to object. Russell argues that since the Missouri courts passed on the merits of the jury question anyway, comity does not require the application of the standard set forth in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The Court agrees and hereby grants Russell's motion to reconsider filed March 7, 1983. The Court issues today's ruling fully mindful of the grant of Russell's motion.

2. In *Henson v. Wyrick*, 634 F.2d 1080 (8th Cir.1980), our court of appeals held that a particular jury selection process was constitutionally invalid because the sheriff whose subordinates investigated the crime

and made the arrest, hand picked the additional jurors from among the sheriff's acquaintances. The Eighth Circuit granted habeas relief because there existed the danger of a "conviction prone" jury because of the great potential for the sheriff to hand pick jurors sympathetic to the prosecution. 634 F.2d at 1084.

3. In *Holt v. Wyrick*, 649 F.2d 543 (8th Cir.1981), the Eighth Circuit again scrutinized a county sheriff's jury selection process but this time found the process proper. The Eighth Circuit specifically decided that *Henson* did not require habeas relief because in *Holt* the sheriff's office in a neighboring county, rather than the sheriff's office that selected the jurors, conducted the investigation. The Eighth Circuit found equally important that *Holt* presented no evidence that the sheriff selected only his acquaintances for the jury.

4. The Court finds that the instant case is closer to *Holt* than to *Henson*. The Butler County Sheriff's Office had absolutely no involvement in the investigation or the prosecution of the crimes charged against Russell. Furthermore, there is no evidence in the record that Sheriff Stout only selected his acquaintances for the list of special veniremen. Based on those facts and others listed in the Court's Findings of Fact, the Court finds that the jury selection procedure used by the Butler County Sheriff's Office in the instant case was not constitutionally improper and, therefore, habeas corpus relief is not warranted.

5. Accordingly, James Russell's petition for writ of habeas corpus is denied.